MSM INVESTMENTS COMPANY, LLC, Plaintiff—Appellant,

v.

CAROLWOOD CORPORATION; G. Rex Bailey; Vidot Enterprises, Inc., Defendants—Appellees.

No. 02–36100.

D.C. No. CV–01–00458–ALA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 1, 2004.

Decided March 11, 2004.

Michael J. Morris, Bennett, Hartman, Morris & Kaplan, LLP, Portland, OR, for Plaintiff–Appellant.

David Aman, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, for Defendant–Appellee.

Before GOODWIN, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM*

This case involves a contract dispute under Oregon law. MSM Investments Company ("MIC") claims the district court erred by (1) failing to award an additional $200,000 in damages; (2) granting Bailey and Vidot's motion for summary judgment on the claim for breach of good faith and fair dealing; (3) failing to issue a permanent injunction prohibiting Carolwood from representing that it holds a license under patents owned by MIC.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We agree with MIC that it was error for the district court to exclude the third $200,000 payment in its calculation of damages. We review de novo a district court's construction of contract language. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir.1985). Under the terms of the settlement agreement, Carolwood agreed to pay MIC three annual payments of $200,000. Pursuant to Paragraph 12 of the agreement, Carolwood retained the right to withhold the third payment if MIC failed to fulfill certain obligations regarding patent enforcement; the third payment was contingent on MIC's performance of these duties. Because MIC had fulfilled its part of the contract up to the time of Carolwood's breach, Carolwood cannot, though termination of the contract, escape its obligation to make the third $200,000 payment. Whether the annual payments are characterized as an overall payment payable in installments, a guaranteed royalty payment, or consideration for the earlier settlement, the district court should have awarded the third payment of $200,000 as part of MIC's damages.

MIC's other claims do not merit reversal. The scope of a party's duty of good faith and fair dealing is closely related to the express provisions of the contract. *See Pollock v. D.R. Horton, Inc.—Portland,* 190 Or.App. 1, 11–12, 77 P.3d 1120 (2003). Because the provisions enumerating Bailey and Vidot's duties under the contract were unrelated to Carolwood's future business dealings with MIC, the district court did not err in granting summary judgment on the action for breach of good faith and fair dealing.

Nor did the district court abuse its discretion in denying a permanent injunction. MIC failed to demonstrate a "cognizable

---

danger of a recurrent violation." *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 854 (9th Cir.1995) (internal quotation marks omitted).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED** for entry of judgment consistent with this disposition. Each party shall be responsible for its own costs on appeal.